UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HORACE H. WARD, Disbursing Agent, | ) | |
| FRANKFORT TOWER INDUSTRIES, INC., | ) | |
| f/k/a RHONE INDUSTRIES, INC., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-1808-RLY-TAB |
| | ) | |
| DIVANE BROS. ELECTRIC CO., | ) | |
| Defendant. | ) | |

**ENTRY ON WITHDRAWAL OF REFERENCE**

This matter is before the court on Defendant's motion seeking a withdrawal of this court's reference to the United States Bankruptcy Court for the Southern District of Indiana. The Amended Complaint filed as an adversary proceeding in the bankruptcy court alleges that following the filing of its Chapter 11 bankruptcy petition, Frankfort Tower Industries, Inc. ("Frankfort") provided the Defendant, Divane Bros. Electric Co. ("Divane"), cell towers and cell tower components, but Divane has failed to pay the entirety of the invoice issued for the products. Frankfort seeks payment on the account in the amount of $75,758.27 and also alleges that the amount due is property of the estate and subject to "turnover" pursuant to 11 U.S.C. § 542(a). Divane has objected to the bankruptcy court hearing this matter, arguing it is a non-core matter and that reference to the bankruptcy court should be withdrawn. Frankfort argues that Divane has not timely filed its motion to withdraw, but says it would stipulate to the reference being withdrawn

so long as Divane stipulates that this court will be the final forum for resolving this dispute.  Divane responds that there is no legal basis for requiring it to stipulate or waive any of its rights.

    First, without a showing of prejudice, this court will not deny the request for withdrawal of reference on the basis of some technical non-compliance with the bankruptcy court's Local Rule B-501101.  From a substantive standpoint, Frankfort's claim is clearly an effort to collect on an account which became due and owing post-petition and reflects a debt incurred for products that were also delivered post-petition.  As an admittedly unliquidated account, as opposed to tangible property, it is not the proper subject of an action for turnover, *In re Charter Co.*, 913 F.2d 1575, 1579 (11th Cir. 1990), and Frankfort's claim for payment on the post-petition account is not a core matter.  Consequently, the court is inclined to withdraw the reference to the bankruptcy court and hear the claim first hand.  While the court agrees with Divane that there is no inherent reason why it should be made to waive any of its rights in conjunction with the withdrawal of reference, the court also finds Frankfort's efforts to assure that this court is the final venue for resolution of the claim to be unnecessary because in answering the complaint, Divane has admitted in paragraph 5 that venue is appropriate.

Accordingly, Defendant's Motion for the Withdrawal of Reference (Docket #1) is GRANTED. By separate order this matter will be set for an initial pretrial conference before Magistrate Judge Tim A. Baker.

IT IS SO ORDERED this 13th day of January, 2006

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Mark A. Carter
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd.
Suite 1050
Chicago, IL 60604

Catherine L. Molnar-Boncela
GOUVIA & ASSOCIATES
geg_law@ameritech.net

Cheryl L. Silverthorne
ICE MILLER LLP
cheryl.silverthorne@icemiller.com